**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC., <br><br> Plaintiff, <br><br> v. <br><br> NAREASHA D. WILLIS, <br><br> Defendant. | CIVIL ACTION NO. 1:18-cv-8912 <br><br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION** |

Plaintiff, Advance Magazine Publishers Inc. ("Plaintiff"), brings this complaint for injunctive relief and damages for trademark infringement pursuant to 15 U.S.C. § 1114(1), unfair competition pursuant to 15 U.S.C. §1125(a), and dilution pursuant to 15 U.S.C. §1125(c) against Defendant Nareasha D. Willis ("Defendant"), and avers:

**INTRODUCTION AND PARTIES**

1.  This is a straightforward trademark infringement case. Plaintiff and its predecessors have adopted and continuously used in commerce the well-known trademark **VOGUE** as the title of a fashion magazine since at least as early as 1892, and have operated a corresponding Internet website since at least as early as 1998. *VOGUE* magazine has become one of the most widely recognized and revered fashion publications in the world.

2.  Over the many years since Plaintiff adopted the **VOGUE** trademark, Plaintiff has greatly expanded its use of the **VOGUE** trademark such that the **VOGUE** trademark has been used on a wide array of consumer products, and in connection with various services.

3.  A representative photograph of Plaintiffs easily recognizable *VOGUE* magazine is

shown below:



4. Plaintiff owns numerous federal trademark registrations for its **VOGUE** trademark, and for trademarks including its **VOGUE** trademark.

5. Defendant, on the other hand, has very recently begun using in commerce, for the purposes of selling apparel items, the trademark **BLACK VOGUE**, with the stylization for the word "Vogue" mirroring the well-known font and stylization for Plaintiff's long registered **VOGUE** trademark.

6. Plaintiff brings the instant action to remedy the harm that Defendant has caused, and continues to cause, by refusing to cease her use of her **BLACK VOGUE** trademark, notwithstanding Plaintiff's repeated efforts to resolve this matter without having to initiate

litigation.

## JURISDICTION AND VENUE

7. Plaintiff is a New York corporation with its principal place of business at One World Trade Center, New York, NY 10007.

8. Upon information and belief, Defendant Nareasha D. Willis is an adult individual who resides at 69 Storms Avenue, Jersey City, NJ 07305.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, as this case arises under the Lanham Act, 15 U.S.C. § 1051 et seq., as amended, and as is more fully described below.

10. All claims asserted in this action arise out of the Lanham Act, 15 U.S.C. § 1051 et seq.

11. Upon information and belief, Defendant conducts business, sells products, and uses the **BLACK VOGUE** trademark at issue in this action in this District and elsewhere, and is accordingly subject to the personal jurisdiction of this Court.

12. On information and belief, Defendant has committed acts of trademark infringement and unfair competition and is planning to commit further acts of trademark infringement, unfair competition, and deceptive trade practices in the near future, as further described below, in this district and elsewhere.

13. Complete diversity exists between Plaintiff and Defendant, which are citizens of New York and New Jersey, respectively, further providing this Court subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

14. On information and belief, Defendant is subject to the jurisdiction of this Court, and venue is proper in this district pursuant to 28 U.S.C. § 1391.

# FACTS

## PLAINTIFF'S LONGSTANDING USE AND REGISTRATION OF THE VOGUE TRADEMARK

15. For over 125 years, Plaintiff and its predecessors have adopted and continuously used the trademark **VOGUE** as the title of a fashion magazine. As discussed *infra*, Plaintiff has expanded its use of the **VOGUE** trademark to a plethora of other products and services over the years.

16. Plaintiff is the owner of numerous valid and subsisting trademark registrations for the **VOGUE** trademark in the United States Patent and Trademark Office ("USPTO"), including Reg. No. 125,542, issued May 20, 1919, for the well-known logo font for the **VOGUE** trademark, Reg. Nos. 504,006, 69,530, 1,666,656, 1,336,659, 3,069,976, 2,701,928, 1,659,761, 4,964,883, 4,964,884, 4,138,408, and many others. The specific stylization for Plaintiff's **VOGUE** trademark is well established, per below:

**VOGUE**

17. The United States edition of *VOGUE* magazine is read by 12 million people each month. Plaintiff's American website, *Vogue.com*, received 14 million unique visitors last year.

18. Millions of U.S. citizens instantly recognize and associate Plaintiff's **VOGUE** trademark with Plaintiff's products and services. *VOGUE* magazine was described by book critic Caroline Weber in a December 2006 edition of *The New York Times* as "the world's most influential fashion magazine."

19. In addition to its magazine and website, Plaintiff uses its **VOGUE** trademark on social media, such as Twitter, Facebook, Instagram and Pinterest, as well as in connection with a

4

wide variety of goods and services. Almost nine million people like Plaintiff's **VOGUE** Facebook page, Plaintiff's @voguemagazine Instagram account has over 20 million followers, and Plaintiff's @voguemagazine Twitter account has over 13.5 million followers. Some of the additional products and services that Plaintiff provides under its **VOGUE** trademark are podcasts, video series, books, and mobile applications.

20. Plaintiff has also used and registered, or applied to register, the **VOGUE** trademark with wide ranging products and services such as advertising and e-commerce services, software applications for content in the field of fashion, hand bags, tote bags, purses, luggage, wallets, body creams, scented candles, jigsaw puzzles, nightclub and restaurant services, clothing and jewelry. As an acclaimed and leading brand, the **VOGUE** trademark is highly sought after with respect to licensed products.

21. Most specifically related to this action, Plaintiff frequently uses the **VOGUE** trademark with apparel sold across the United States. Examples of these apparel items are attached hereto as Exhibit A.

22. Plaintiff also uses trademarks that combine the **VOGUE** trademark with other wording. For example, Plaintiff owns trademark registrations for marks such as **VOGUE VIP** (for membership program services in fields such as fashion, beauty and cosmetics, Reg. No. 5,159,529), **VOGUE RUNWAY** (for fashion related publications, Reg. No. 5,069,495), **TEEN VOGUE** (Reg. No. 4,989,919), **VOGUE WEDDINGS** (for an ongoing film program. Reg. No. 4,459,325), **VOGUE PATTERNS** (for clothing pattern kits, Reg. No. 201,144), and **VOGUE KNITTING** (for knitting accessory kits, Registration No. 501,515).

23. As a result of its longstanding and continuous use of the **VOGUE** trademark for a wide range of products and services, Plaintiff's **VOGUE** trademark has acquired substantial

goodwill and reputation and has become famous.

### DEFENDANT'S UNAUTHORIZED USE OF THE VOGUE TRADEMARK

24.     Without Plaintiff's authorization, Defendant is using the trademark **BLACK VOGUE** on various apparel products, including t-shirts and sweatshirts.  Defendant's use of the trademark **BLACK VOGUE** is in a stylization and overall presentation that brazenly mirrors the well-known appearance of Plaintiff's **VOGUE** trademark:



25.     Defendant promotes and sells these products, including those above, at her website www.nereashawillis.com, as shown below:



26.    In selecting the trademark **BLACK VOGUE** for her products, Defendant intends to create a link between herself and Plaintiff, creating the appearance that Plaintiff is affiliated with her products, or that Plaintiff has licensed or otherwise authorized her use of the **VOGUE** trademark, when that that is not the case.

27.    Defendant has also sought to register the **BLACK VOGUE** trademark with the USPTO. On February 2, 2018, Defendant filed a trademark application for the mark shown below for various types of apparel products, including t-shirts, sweatshirts, pants, hats, jackets, etc.:



28. On May 23, 2018, the USPTO refused registration of Defendant's **BLACK VOGUE** trademark on the basis that her mark is confusingly similar to several of Plaintiff's registered **VOGUE** trademarks. *See* USPTO correspondence to Defendant dated May 23, 2018, attached as Exhibit B.

29. In the USPTO refusal dated May 23, 2018, the USPTO informed Defendant that she had the statutorily-provided six months to respond in a manner that explicitly addressed each refusal and/or requirement contained in the initial refusal. *Id.*

30. As of the initiation of this action, Defendant has not responded to the USPTO's May 23, 2018 correspondence.

31. Immediately upon learning of Defendant's trademark application for the **BLACK VOGUE** mark, and upon discovering her corresponding use of the **BLACK VOGUE** trademark, Plaintiff's counsel sent Defendant a letter dated June 18, 2018, requesting that Defendant cease her use of the infringing **BLACK VOGUE** mark and abandon her pending trademark application. *See* letter of June 18, 2018, attached as Exhibit C.

32. After Plaintiff's counsel followed up with Defendant, Defendant indicated that she refused to cease her use of the **BLACK VOGUE** trademark. Further correspondence with Defendant over the following months, including a final demand that Defendant immediately cease use of the **BLACK VOGUE** mark, yielded no response from Defendant, creating the need for this action.

33. In sum, Defendant's use of her **BLACK VOGUE** mark is highly likely to cause confusion with Plaintiff's registered trademarks, which will damage Plaintiff's reputation and the goodwill, which Plaintiff has established in its **VOGUE** trademark over the last 125 years.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

34.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

35.     Section 1114(1)(a) of Title 15 of the United States Code states, in pertinent part:

Any person who shall, without the consent of the registrant -- (a) use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…shall be liable in a civil action…

36.     Plaintiff has not consented directly or indirectly to Defendant's use of a mark using the trademark **VOGUE** in any manner and has expressed its strong written objection to Defendant's unauthorized use of Plaintiff's registered marks.

37.     Plaintiff does not currently have the ability to control the nature and/or quality of the products/services sold or proposed to be sold by Defendant under her **BLACK VOGUE** mark.

38.     Defendant's use of the **BLACK VOGUE** mark is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, in violation of 15 U.S.C. § 1114(1).

39.     The aforesaid infringement is being conducted with willful disregard of Plaintiff's longstanding trademark rights in the **VOGUE** trademark.

40.     Defendant's use of the **BLACK VOGUE** mark is a willful attempt to trade upon the goodwill that Plaintiff has developed in its marks over the last 125 years.

41.     The aforesaid infringement has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff's property and business.

42.     Plaintiff has no adequate remedy at law.  Defendant's conduct has caused and, if not enjoined, will continue to cause, irreparable damage to the rights of Plaintiff in its trademarks,

reputation and goodwill.

43. Plaintiff's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

44. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

45. Section 1125(a) of Title 15 of the United States Code states, in pertinent part, the following:

> Any person who, on or in connection with any good or services, … uses in commerce any word, term, name, symbol, … or any false designation of origin, … which -- is likely to cause confusion, or to cause mistake, or to deceive…as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…shall be liable in a civil action.

46. Plaintiff's **VOGUE** trademark is distinctive and has become famous through Plaintiff's continuous use of the trademark in interstate commerce for 125 years.

47. Defendant's use of her **BLACK VOGUE** mark falsely suggests that Plaintiff is the source of, or has authorized, Defendant's products, and is likely to deceive the relevant trade and public, into believing that Defendant's products are authorized or approved by Plaintiff, or provided in affiliation with Plaintiff, in violation of 15 U.S.C. § 1125(a).

48. Defendant's conduct constitutes trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. §1125(a).

49. Defendant's conduct is being conducted with willful disregard of Plaintiff's valuable trademark rights and constitutes a willful attempt to trade upon the goodwill that Plaintiff has developed in its trademarks through its many years of use of the trademarks.

50. Plaintiff has no adequate remedy at law. Defendant's conduct has caused and, if

not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its trademarks, reputation and goodwill.

51. Plaintiff's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## COUNT III
## DILUTION UNDER 15 U.S.C. § 1125(c)

52. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

53. Plaintiff's **VOGUE** trademark is famous within the meaning 15 U.S.C. § 1125(c) and the **VOGUE** mark is inherently distinctive.

54. Defendant's use of her **BLACK VOGUE** mark began long after Plaintiff's **VOGUE** mark became famous.

55. Defendant's use of her **BLACK VOGUE** mark is likely to cause dilution by blurring Plaintiff's **VOGUE** mark.

56. Plaintiff has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiff's rights in the **VOGUE** trademark and to the business, reputation and goodwill associated therewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment:

a. That Defendant, her officers, directors, agents, servants, employees, attorneys, confederates, related companies, licensees, and all persons acting for, with, by, through and under them, be preliminarily and permanently enjoined:

       (1)      from using the **BLACK VOGUE** mark and any other confusingly similar mark or domain name, reproduction or colorable imitation of the **VOGUE** trademark in connection with apparel of any kind, or any other product or service that would result in consumer confusion.

       (2)      from using the **BLACK VOGUE** mark and any other confusingly similar mark or domain name, reproduction or colorable imitation of the **VOGUE** trademark in any manner likely to cause confusion, mistake or to deceive the relevant trade and public;

       (3)      from using the word **VOGUE** as an advertising keyword or in metatags to promote any product or in any social media;

       (4)      from committing any acts calculated to cause consumers or the relevant trade to believe that Defendant's products and services are associated with or authorized by Plaintiff; and

       (5)      from otherwise competing unfairly with Plaintiff in any manner.

    b.     That Defendant be ordered to abandon her pending trademark application for the **BLACK VOGUE** mark in the U.S. Patent and Trademark Office.

    c.     That Defendant pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement, unfair competition, and deceptive trade practices, and to account for and to pay to Plaintiff:

       (1)      all gains, profits and advantages derived by Defendant from her infringement;

       (2)      all gains, profits and advantages derived by Defendant from her unfair competition; and

       (3)      all gains, profits and advantages derived by Defendant from her dilution of the **VOGUE** mark.

      d.        That Plaintiff be awarded its reasonable attorney's fees and costs in this action.

      e.        That Plaintiff be awarded such other and further relief as the Court may deem equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues that are so triable.

      Respectfully submitted,

      **FLASTER/GREENBERG P.C.**

      *s/ Jordan A. LaVine*
      Jordan A. LaVine, Esq.
      jordan.lavine@flastergreenberg.com
      Scott C. Oberlander, Esq.
      scott.oberlander@flastergreenberg.com
      1835 Market Street, Suite 1050
      Philadelphia, PA  19103
      (215) 279-9908
      *Attorneys for Plaintiff Advance Magazine Publishers Inc.*

Dated: September 28, 2018